**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**UNITED STATES OF AMERICA**

v.

**ROBERT SHEFFIELD [13]**,

Defendant.

Case No. 23-cr-137-13 (CRC)

**OPINION AND ORDER**

Defendant Robert Sheffield has filed a *pro se* motion to vacate his sentence under 28 U.S.C. § 2255. He submits that his conviction for conspiracy to commit Hobbs Act robbery cannot serve as the predicate "crime of violence" for his conviction under 18 U.S.C. § 924(c). But Mr. Sheffield expressly waived this type of collateral challenge in his plea agreement, so the Court must deny his § 2255 motion.

## I. Background

The Court draws the following facts from the statement of offense that Sheffield accepted as part of his plea agreement. See Statement of Offense in Support of Guilty Plea ("Statement of Offense") at 7.

### A. Factual Background

From November 2022 to August 2023, Sheffield conspired with others to rob commercial establishments along the East Coast, mostly small South Asian jewelry stores. Id. at 3. They targeted stores that sold gold of a certain purity because of its higher resale value. Id. In November 2022, Sheffield and six others robbed a jewelry store in Harrisburg, Pennsylvania, ransacking the store while holding its employees at gunpoint. Id. at 3–4. They left the store with approximately $1 million in gold jewelry. Id. at 4. A few months later, Sheffield and his co-

conspirators attempted to rob another jewelry store in Falls Church, Virginia. Id. When a store employee brandished a firearm, Sheffield shot at the store's owner with a 40-caliber handgun before fleeing the scene. Id. at 4–5.

B. Procedural History

On August 30, 2023, Sheffield was arrested in the District of Columbia. Id. at 5. The grand jury charged him with conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951; Hobbs Act robbery in violation of 18 U.S.C. § 1951; using, carrying, brandishing, and possessing a firearm in furtherance of a crime of violence and aiding and abetting in violation of 18 U.S.C. § 924(c); and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). See Second Superseding Indictment at 2–6, 10–11, 20–21. On February 20, 2025, Sheffield pleaded guilty to one count of conspiracy to commit Hobbs Act robbery and one count under 18 U.S.C. § 924(c). See Statement of Offense at 1–2; Plea Agreement at 1. For the 18 U.S.C. § 924(c) count, Sheffield admitted that he (1) "committed a crime of violence—here, Interference with Interstate Commerce by Robbery, in violation of 18 U.S.C. § 1951"; (2) "knowingly possessed a firearm"; and (3) possessed the firearm "during and in relation to, or in furtherance of, [his] crime of violence." Statement of Offense at 2; see id. at 7.

As part of his plea agreement, Sheffield waived almost all of his rights to challenge his conviction and sentence, including his ability to raise a collateral attack:

> [Sheffield] waives any right to challenge the conviction entered or sentence imposed under [the plea agreement] or otherwise attempt to modify or change the sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 or Federal Rule of Civil Procedure 60(b), except to the extent such a motion is based on newly discovered evidence or on a claim that [Sheffield] received ineffective assistance of counsel.

Plea Agreement at 8. At his plea hearing, Sheffield confirmed that he reviewed and understood the terms of his plea agreement. See Plea Hr'g Rough Tr. at 14–15.

On July 2, 2025, the Court sentenced Sheffield to consecutive terms of 40 months for the conspiracy count and 60 months for the 18 U.S.C. § 924(c) count, for a total of 108 months in prison. See Judgment at 1, 3. Judgment was entered on July 10, 2025. Id. at 1. Sheffield did not appeal his conviction or sentence. See Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Def.'s Mot.") at 2.

Approximately eleven months after the Court issued final judgment, on June 9, 2026, Sheffield filed a *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. See id. at 1, 13. The government opposed his motion and filed its opposition on July 29, 2026. See United States' Opp'n to Def.'s Mot. to Vacate, Set Aside, or Correct Sentence. The motion is fully briefed and ripe for adjudication. For the following reasons, the Court will deny the motion.

## II. Legal Standards

A defendant in federal custody "may move the court which imposed [his] sentence to vacate, set aside or correct the sentence" on the "ground that the sentence was imposed in violation of the Constitution or laws of the United States," that the sentencing court "was without jurisdiction," that the sentence imposed "was in excess of the maximum authorized by law," or that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Because of the premium placed on the finality of judgments, there are limited circumstances under which a court should grant a Section 2255 motion." Bedewi v. United States, 583 F. Supp. 2d 72, 76 (D.D.C. 2008) (citation omitted). The defendant bears the burden of demonstrating that he is entitled to relief under 28 U.S.C. § 2255, where the burden of proof is a preponderance of the evidence. United States v. Pollard, 602 F. Supp. 2d 165, 168 (D.D.C. 2009).

## III. Analysis

Sheffield argues that his § 924(c) conviction must be set aside because neither conspiracy to commit Hobbs Act robbery nor attempted Hobbs Act robbery "can serve as predicate offenses for an additional 18 U.S.C. [§] 924(c)(1)(A) charge." Def.'s Mot. at 4. In his view, neither offense "contain[s] the necessary elements of use, attempted use, or threatened use of physical force to serve as predicate offenses for an additional [§] 924(c)(1)(A) charge." Id. He further explains that he did not raise this claim on direct appeal because his counsel "refused" to raise it. Id. at 4, 10. However, because Sheffield waived this collateral attack as part of his plea agreement, he cannot now pursue this argument.

This is not the first time a defendant in this case has raised a collateral challenge to his § 924(c) conviction after pleading guilty. In April 2025, Defendant Andrew Smith filed a nearly identical § 2255 motion, asserting that his § 924(c) conviction "must be set aside because the 'crime of violence' statutory element cannot be satisfied by Hobbs Act conspiracy." Op. & Order ("Smith Op. & Order") at 4, United States v. Smith, No. 23-cr-137-12 (CRC) (D.D.C. Aug. 5, 2025). The Court concluded that Mr. Smith's § 2255 challenge was "barred" by the terms of his plea agreement, which "waived 'any right to challenge the conviction entered or sentence imposed . . . in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255." Id. (quoting Plea Agreement at 8, United States v. Smith, No. 23-cr-137-12 (CRC) (D.D.C. May 29, 2024)). Regardless of whether Smith's claims were constitutional or statutory, the Court explained that he had waived his right to challenge his conviction in exchange for the government's dismissal of the other felony charges against him. Id. at 5. Indeed, other courts have recognized that "a waiver is enforceable under nearly the exact circumstances presented" by Smith's motion. Id. (citing Cook v. United States, 84 F.4th

118, 121, 124 (2d Cir. 2023); Portis v. United States, 33 F.4th 331, 335 (6th Cir. 2022)) (discussing two cases concerning conspiracy to commit Hobbs Act robbery as a predicate offense where the court upheld the enforceability of the collateral-attack waiver despite a subsequent legal development in United States v. Davis, 588 U.S. 445, 470 (2019), in which the Supreme Court limited what qualifies as a predicate offense).

For the reasons articulated in Smith, Sheffield's § 2255 motion is likewise barred by the express terms of his plea agreement. In his plea agreement, Sheffield waived his right "to challenge the conviction entered or sentence imposed," including by "a motion brought under 28 U.S.C. § 2255." Plea Agreement at 8. Only two exceptions are set out in that waiver: (1) a "motion based on newly discovered evidence"; and (2) a motion based on a claim that he "received ineffective assistance of counsel." Id. Neither exception is applicable here, however, because Sheffield's only claim is that neither conspiracy to commit Hobbs Act robbery nor attempted Hobbs Act robbery can serve as a predicate offense for a § 924(c) charge. See Def.'s Mot. at 4. And nothing in the record suggests that Sheffield's waiver was not "knowing, intelligent and voluntary." Khadr v. United States, 67 F.4th 413, 419 (D.C. Cir. 2023); see Plea Hr'g Rough Tr. at 6 (demonstrating that the Court explicitly asked Sheffield whether he understood that "by pleading guilty, [he] would be giving up most of [his] appellate rights," to which Sheffield responded, "Yes, sir"); Plea Hr'g Rough Tr. at 16 (concluding that "[t]he Court is satisfied that Mr. Sheffield . . . understands . . . the consequences of his plea" and "that the plea of guilty is knowing and voluntary" after engaging in a colloquy with Sheffield). Accordingly, the Court must give effect to the waiver and deny his motion.[1]

[1] As the Court noted in Mr. Smith's case, "[e]ven if [the defendant] had not waived his collateral challenge, it fails for an independent reason," which is that his motion was "procedurally defaulted" because "Smith never sought direct review of his claim." Smith Op. &

When a district court enters a final order resolving a petition under 28 U.S.C. § 2255 that is adverse to the applicant, it must either issue or deny a certificate of appealability. See Rules Governing Section 2255 Proc. for the U.S. Dist. Cts., Rule 11(a). By statute, "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Sheffield has not made such a showing here, so the Court declines to issue a certificate of appealability.

## IV. Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that Defendant's [394] Motion to Vacate is DENIED. It is further

**ORDERED** that the Clerk of the Court shall notify Defendant of this Order. It is further

**ORDERED** that the Clerk of the Court shall close Civil Case No. 26-2094 (CRC).

**SO ORDERED**.

CHRISTOPHER R. COOPER
United States District Judge

Date: August 27, 2026

Order at 6 n.2 (citing United States v. Hughes, 514 F.3d 15, 17 (D.C. Cir. 2008)). Here, too, Sheffield never sought direct review of his claim, see Def.'s Mot. at 2, so his collateral-challenge claim also fails for that reason. Moreover, while the Court need not reach the merits of Sheffield's argument, as in Smith, see Smith Op. & Order at 6 n.2, the predicate crime for the § 924(c) conviction appears to be the crime of committing the Hobbs Act robbery rather than Hobbs Act conspiracy, see Plea Hr'g Rough Tr. at 7 (stating explicitly that "the elements are, first, that the defendant committed a crime of violence, which is the *Hobbs Act robbery referenced in Count 1*" (emphasis added)).